UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ELI MELLOR,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>WEST TROP STORAGE, LLC dba GREAT AMERICAN STORAGE SOLUTIONS,<br><br>　　　　　Defendant(s). | Case No. 2:13-CV-1502 JCM (VCF)<br><br>ORDER |

Presently before the court is the matter of *Mellor v. West Trop Storage, LLC, et al.*, case number 2:13-cv-01502-JCM-VCF. Both parties have filed numerous motions in this case.

Plaintiff has filed motions for summary judgment (doc. # 28), for leave to amend his complaint (doc. # 39), for sanctions (doc. # 40), for district judge to reconsider pretrial order (doc. # 41), for emergency continuance of trial date (doc. # 51), and to strike defendants' motions in limine (doc. # 52). Defendants filed a response to plaintiff's motion for summary judgment (doc. # 30), a combined response to plaintiff's motions for leave to amend, for sanctions, and for district judge to reconsider (doc. # 43), and a response to plaintiff's motions to strike (doc. # 52). Defendants did not respond to plaintiff's emergency motion to continue trial date. Plaintiff filed replies to defendants' oppositions to summary judgment, leave to amend, and for district judge to reconsider. (Docs. ## 37, 44).

Defendants filed a motion to dismiss for lack of subject matter jurisdiction (doc. # 32), and three motions in limine (docs. ## 46, 47, 48). Plaintiff filed a response to defendants' motion to dismiss (doc. # 38), and defendants filed a reply (doc. # 42). Plaintiff did not file responses to defendants motions in limine.

**James C. Mahan**
**U.S. District Judge**

## I. Background

This matter arises out of a contract dispute. On or about April 26, 2010, plaintiff entered into a rental lease agreement with defendant to lease a storage unit located at 9645 West Tropicana, Las Vegas, Nevada. (Doc. # 1, ¶¶ 6-7). Plaintiff stored his personal property, including rare books, original art, gold and silver coins, manuscripts, photographs, televisions, assorted electronics, and memorabilia. The lease agreement specifically directs that the "Occupant agrees not to store collectables, heirlooms, jewelry, works of art or any property having special sentimental value to Occupant." (Doc. # 32-1, ¶ 10). Plaintiff values his stored property at nearly $1,000,000. (Doc. # 1, ¶ 3).

At some point during the lease term plaintiff became delinquent on his payments. (*See* doc. # 1, ¶14). When plaintiff called to make arrangements to bring his account current and pay the outstanding amounts owed to defendants, plaintiff was informed that the contents of his storage space had been sold at auction. (Doc. # 1, ¶¶ 14-15). Plaintiff alleges that defendants never contacted him to give notice that his property was scheduled to be auctioned. (Doc. # 1, ¶ 15).

Plaintiff brings claims for declaratory relief, injunctive relief, breach of contract, breach of covenant of good faith and fair dealing, negligence, and violations of NRS §§ 108.476, 108.4763, and 108.477.

## II. Discussion

As an initial matter, the court acknowledges that though plaintiff was represented by an attorney from the commencement of this matter on August 21, 2013, through January 17, 2014, plaintiff has filed the instant motions *pro se*. Plaintiff's *pro se* filings are held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . .") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

*A) Plaintiff's motion for leave to amend (doc. # 39)*

In federal court, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

In addition to the Rule 15 requirements, the local rules require a plaintiff to submit a proposed, amended complaint along with its motion to amend. LR 15-1(a). Plaintiff has not complied with this rule and has failed to attach a proposed amended complaint. Accordingly, plaintiff's motion for leave to amend his complaint will be denied.

The court notes that, even if plaintiff's motion were not procedurally deficient, it would also deny plaintiff's motion for leave to amend for substantive reasons. Plaintiff's arguments addressing what he seeks to amend would not cure the amount in controversy deficiency. This issue is further discussed below in reference to defendants' motion to dismiss.

*B) Defendants' motion to dismiss for lack of subject matter jurisdiction (doc. # 32)*

Defendants assert that plaintiff's complaint should be dismissed because plaintiff does not and cannot meet the required amount in controversy for his claims to proceed in federal court. (Doc. # 32 at 7). The court notes that plaintiff was represented by an attorney at the time of filing his complaint. Therefore less stringent standards do not apply.

The amount in controversy is normally determined from the face of the pleadings. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). The rule governing dismissal for lack of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *See id.* at 363-364 (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S.

**James C. Mahan**
**U.S. District Judge**

- 3 -

283, 288–89 (1938).  In order to justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.  *Id.* (footnotes omitted).

> Wright, Miller, and Cooper describe the application of the legal certainty test:
>
> Generally speaking, the legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement.  Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48–50 (2d ed. 1985).

Following the tenor of Wright, Miller, and Cooper, defendants assert plaintiff's complaint does not state damages in excess of $75,000 to a legal certainty because plaintiff is contractually and statutorily limited to damages of $5,000.  (Doc. # 32 at 7).  Defendants contend that, though plaintiff asserts the value of his personal items sold at auction was in excess of $1,000,000, the terms of the rental agreement expressly limit his claim to $5,000.  Therefore, as a legal certainty, plaintiff cannot meet the amount in controversy requirement.

Here, the lease agreement states that "Occupant agrees not to store property with a total value in excess of $5,000 without the written permission of the Owner.  If such written permission is not obtained, the value of Occupant's property shall be deemed not to exceed $5,000."  (Doc. # 32-1, ¶ 10).  Plaintiff details in both his complaint and in his opposition to defendant's motion to dismiss that he had an understanding with the owner that his property would not be sold because of his past due balance.  Therefore, plaintiff asserts that, because his $1,000,000 of property was allegedly sold without notice, he meets the required amount in controversy.

Plaintiff makes no mention in his complaint, however, as to any written permission allowing plaintiff to store property in excess of $5,000.  Further, plaintiff does not allege or mention in any of his other filings (including his motion for leave to amend his complaint and response to defendants' motion to dismiss) that he had any kind of agreement with the owners that would have allowed him to exceed the $5,000 storage limit.

James C. Mahan
U.S. District Judge

- 4 -

NRS § 108.4757 states, "If a rental agreement contains a limit on the value of property stored in the storage space of an occupant, the limit is presumed to be the maximum value of the personal property stored in the storage space. Accordingly, regardless of the actual amount of plaintiff's property, the court finds that plaintiff does not allege anything on the face of his complaint to exempt him from the statutory limit of $5,000. Therefore, the court finds that plaintiff cannot meet the amount in controversy as a legal certainty.

Additionally, plaintiff has not shown and cannot show that punitive damages are available in connection with his statutory claims. Defendants argue that plaintiff's statutory claims do not provide for a private right of action or the availability of punitive damages. Even assuming for the sake of this motion that punitive damages are available for plaintiff's tort claims, nowhere in plaintiff's complaint does he allege facts indicating that defendant acted with "oppression, fraud or malice" as required to state a claim for punitive damages under Nevada law. Nev. Rev. Stat. § 42.005.

Finally, plaintiff's limited filings that were made during the short time period in which he was represented by an attorney would not result in substantial enough attorneys' fees to allow plaintiff to meet the jurisdictional threshold as a legal certainty.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Eli Mellor's motion for leave to amend his complaint (doc. # 39) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants West Trop Storage, LLC, et al.'s motion to dismiss for lack of subject matter jurisdiction (doc. # 32) be, and the same here by is, GRANTED. Plaintiff's complaint is hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motions for summary judgment (doc. # 28), for sanctions (doc. # 40), for district judge to reconsider pretrial order (doc. # 41), for emergency continuance of trial date (doc. # 51), and to strike defendants motions in limine (doc. # 52) are DENIED as moot.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendants' motions in limine (docs. ## 46, 47, 48) are DENIED as moot.  The clerk shall enter judgment accordingly and close the case.

DATED March 9, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**