**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

✱✱✱

ELI MELLOR,

           Plaintiff,

vs.

WEST TROP STORAGE, LLC, *et al.*,

           Defendants.

Case No. 2:13-cv-01502-JCM-VCF

**ORDER**

**MOTION TO SEAL (#65)**

Before the court is Eli Mellor's "Request for Privacy" (#65), which the court construes as a Motion to Seal. For the reasons stated below, Mellor's Motion to Seal is denied.

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). This includes permitting a party to file documents under seal. *See* FED. R. CIV. P. 26(c)(1)(F)–(H).

The court has "broad discretion" to enter any of these orders. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). And the party requesting one carries a "heavy burden." *See, e.g.*, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Rule 26(c) requires the moving party to make a "particularized showing." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). This showing is akin to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of

1

fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted). Because protective orders, sealing orders, and stipulated agreements serve different purposes, the nature of the "particularized showing" that is required to obtain each order necessarily differs.

Additionally, Rule 26(c)(1) states that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Here, Mellor moves to seal his *in forma pauperis* application because it wants it to "remain private." Mellor's request is denied. He failed to make a "particularized showing," *see Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d at 1138, or certify that he met and conferred with the Defendants before seeking court action.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Eli Mellor's Motion to Seal (#65) is DENIED.

IT IS SO ORDERED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 6th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE