UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELI MELLOR,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>WEST TROP STORAGE, LLC dba GREAT AMERICAN STORAGE SOLUTIONS,<br><br>                    Defendant(s). | Case No. 2:13-CV-1502 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant West Trop Storage, LLC's ("West Trop") motion for attorney fees, costs, and post-judgment interest. (Doc. # 61). Plaintiff has not replied and the deadline to do so has passed.

**I.    Background**

This matter arose out of a contract dispute. On or about April 26, 2010, plaintiff entered into a rental lease agreement with defendant to lease a storage unit located at 9645 West Tropicana, Las Vegas, Nevada. (Doc. # 1, ¶¶ 6-7). Plaintiff stored his personal property, including rare books, original art, gold and silver coins, manuscripts, photographs, televisions, assorted electronics, and memorabilia. The lease agreement specifically directed that the "Occupant agrees not to store collectables, heirlooms, jewelry, works of art or any property having special sentimental value to Occupant." (Doc. # 32-1, ¶ 10). Plaintiff valued his stored property at nearly $1,000,000. (Doc. # 1, ¶ 3).

At some point during the lease term plaintiff became delinquent on his payments. (*See* doc. # 1, ¶14). When plaintiff called to make arrangements to bring his account current and pay the outstanding amounts owed to defendant, plaintiff was informed that the contents of his storage

James C. Mahan
U.S. District Judge

space had been sold at auction. (Doc. # 1, ¶¶ 14-15). Plaintiff alleged that defendant never contacted him to give notice that his property was scheduled to be auctioned. (Doc. # 1, ¶ 15).

Plaintiff initiated his case with the aid of counsel on August 21, 2013, and brought claims for declaratory relief, injunctive relief, breach of contract, breach of covenant of good faith and fair dealing, negligence, and violations of NRS §§ 108.476, 108.4763, and 108.477. Plaintiff has proceeded *pro se* in the case since January 17, 2014.

On October 24, 2014, defendant filed a motion to dismiss, asserting that this court lacked jurisdiction to hear plaintiff's case. (Doc. # 32). The court granted defendant's motion and dismissed plaintiff's case without prejudice. (Doc. # 55). Because NRS § 108.4757 limits the value of property stored in rented storage units to a presumed maximum of $5,000, the court found that plaintiff could not meet the amount in controversy as a legal certainty. (*Id.*). Plaintiff has appealed the court's decision to the Ninth Circuit. (Doc. # 63).

Defendant seeks attorneys' fees and costs[1] for its efforts litigating this case. Defendant moves for attorneys' fees pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54-16, and for post-judgement interest pursuant to 28 U.S.C. § 1961.

**II.     Legal standard**

Under Federal Rule of Civil Procedure 54(d), a prevailing party may seek costs and fees. Fed. R. Civ. P. 54(d)(1)–(2). A party seeking fees must: (i) file the motion no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2). Local Rule 54–16(b) further requires that the motion include the following components:

1. A reasonable itemization and description of the work performed;
2. An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54–1 through 54–15;

---

[1] Defendant requests "actual costs" in the amount of $257.15. (Doc. # 61 at 5). The actual costs defendant refers to are its taxable costs. Defendant does not request any nontaxable costs.

**James C. Mahan**
**U.S. District Judge**

- 2 -

   3. A brief summary of the following:

    A. The results obtained and the amount involved;

    B. The time and labor required;

    C. The novelty and difficulty of the questions involved;

    D. The skill requisite to perform the legal service properly;

    E. The preclusion of other employment by the attorney due to acceptance of the case;

    F. The customary fee;

    G. Whether the fee is fixed or contingent;

    H. The time limitations imposed by the client or the circumstances;

    I. The experience, reputation, and ability of the attorney(s);

    J. The undesirability of the case, if any;

    K. The nature and length of the professional relationship with the client;

    L. Awards in similar cases; and,

   4. Such other information as the Court may direct.

LR 54–16(b). In addition, the motion for attorneys' fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54–16(c). A failure to provide the documentation required by LR 54–16(b) and (c) in a motion for attorneys' fees "constitutes a consent to the denial of the motion." LR 54–16(d).

**III. Discussion**

Defendant filed the instant motion requesting $26,665.00 in attorneys' fees.[2] (Doc. # 61 at 5). Defendant asserts that, because plaintiff was seeking over $1,000,000 from defendant, despite being contractually limited to a $5,000 recovery, and refused to engage in a discussion regarding

---

[2] Defendant also submitted a bill of costs requesting $257.15 in taxable costs. (Doc. # 60). Defendant did not file any objections. Defendant has not requested nontaxable costs in the instant case—only taxable costs. The clerk's office taxed costs in the amount of $257.15 against plaintiff on May 7, 2015. (Doc. # 69). Accordingly, the court need not address defendant's request for costs.

**James C. Mahan**
**U.S. District Judge**

- 3 -

a specific total amount of alleged damages, defendant was forced to vigorously defend in this action. (Doc. # 61 at 4). Defendant notes that it was forced to defend itself against endless nonsensical pleadings filed by plaintiff *pro se*, prepare for and attend an unproductive settlement conference, and prepare for trial. (Doc. # 61 at 4). Defendant asserts that, as the prevailing party, it should be awarded all attorneys' fees stemming from this case pursuant to NRS § 18.010. (Doc. # 62 at 4).

Plaintiff did not respond. Pursuant to Local Rule 7–2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Since the plaintiff failed to respond, he is deemed to have consented to the defendant's motion and the court may award the plaintiff reasonable attorneys' fees.[3]

Although state law governs whether a party is entitled to attorneys' fees, federal law dictates the procedure for requesting attorneys' fees. *Carnes v. Zamani,* 488 F.3d 1057, 1059 (9th Cir. 2007). Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 991 (1994). The decision to award attorneys' fees is left to the sound discretion of the district court. *Id.* NRS § 18.010 states in relevant part:

> 1. The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.
>
> 2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>
>> (a) When the prevailing party has not recovered more than $20,000; or
>>
>> (b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. . . .
>
> 3. In awarding attorney's fees, the court may pronounce its decision on the fees at the conclusion of the trial or special proceeding without written motion and with or without presentation of additional evidence.

---

[3] Though plaintiff initiated the case with the aid of an attorney, he has been proceeding pro se since January 17, 2014. Plaintiff has appealed this court's decision to dismiss for lack of subject matter jurisdiction to the Ninth Circuit. The court believes plaintiff may be unaware that his appeal to the Ninth Circuit does not relieve him of his duty to respond to filings before this court.

**James C. Mahan**
**U.S. District Judge**

- 4 -

> 4. Subsections 2 and 3 do not apply to any action arising out of a written instrument or agreement which entitles the prevailing party to an award of reasonable attorney's fees.

Nev. Rev. Stat. § 18.010.

Additionally, under Local Rules 54–16(b)(1) and (2), a party's motion for attorneys' fees must include "[a] reasonable itemization and description of the work performed."

Post-judgment interest in diversity cases is determined by federal law. *Northrop Corp. v. Triad Int'l Mktg., S.A.,* 842 F.2d 1154, 1155 (9th Cir. 1988). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.1961(a). The award of post-judgment interest is mandatory and shall be recoverable on all aspects of the judgment including the amounts awarded for damages, prejudgment interest, attorneys' fees and costs. *Air Separation, Inc. v. Underwriters at Lloyd's of London,* 45 F.3d 288, 290–91 (9th Cir. 1995).

This case was initiated on August 21, 2013. (Doc. # 1). Defendant did not file an answer. On September 20, 2013, plaintiff filed a motion for entry of clerk's default. (Doc. # 5). The clerk entered default on September 23, 2013. (Doc. # 7).

On the same day that the clerk entered default, and three days after plaintiff filed its motion for entry of clerk's default, defendant filed an untimely answer. (Doc. # 6). The parties entered a stipulation to set aside the clerk's entry of default, which the court granted on October 8, 2013. (Docs. ## 10, 11). The stipulation allowed defendant's untimely answer to be considered timely. (Doc. # 11 at 2).

On January 7, 2014, plaintiff's counsel filed a motion to withdraw as counsel of record based on plaintiff's repudiation of the fee agreement. (Doc. # 14). The court granted this motion on January 17, 2014. (Doc. # 15). Plaintiff has been proceeding *pro se*, since January 17, 2014.

While defendant is correct that plaintiff filed numerous motions, the first motion necessitating any response by defendant was plaintiff's *pro se* motion for summary judgment, filed

**James C. Mahan**
**U.S. District Judge**

- 5 -

on October 1, 2014.[4]  (Doc. # 28).  Defendant filed a response to plaintiff's motion for summary judgment on October 23, 2014 (doc. # 30), and its motion to dismiss for lack of subject matter jurisdiction on October 24, 2014 (doc. # 32).  This means that thirteen months from the case's initiation passed before plaintiff filed a motion necessitating any response from defendant and fourteen months passed before defendant decided to file its motion to dismiss based on plaintiff's failure to plead that he had sufficiently met the amount in controversy requirement.

Defendant appears to take action in this case only when plaintiff forces it to.  Defendant does not appear to have actively defended against the instant case.  Plaintiff's case, according to defendant, contained the glaring deficiency of a $5,000 statutory limit, which divested this court of jurisdiction.  Still, defendant waited fourteen months to file its motion to dismiss, which was based on nothing more than plaintiff's complaint.  The court declines to issue attorneys' fees.  As the court declines to impose attorneys' fees, defendant is not entitled to post-judgment interest.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant West Trop Storage's motion for attorney fees, costs, and post-judgment interest (doc. # 61) be, and the same hereby is, DENIED.

DATED May 27, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The lone filing by defendant before this date—excluding its tardy answer and filings to undo the entry of clerk's default—is a proposed discovery plan on April 29, 2014.  (Doc. # 27).

**James C. Mahan**
**U.S. District Judge**